UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DAVID H.,

                              Plaintiff,

                v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                            Defendant.

_____

                            DECISION AND ORDER

                            20-CV-6841L

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security

("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the

Commissioner's final determination.

       On May 30, 2017 plaintiff filed an application for a period of disability and disability

insurance benefits under Title II of the Social Security Act, alleging disability beginning October

26, 2006. (Dkt. #11 at 54). His application was initially denied. Plaintiff requested a hearing, which

was held on August 20, 2019 before Administrative Law Judge ("ALJ") Michael W. Devlin. *Id*.

The ALJ issued an unfavorable decision on September 18, 2019, concluding that plaintiff was not

disabled under the Social Security Act. (Dkt. #11 at 54-61). That decision became the final decision

of the Commissioner when the Appeals Council denied review on September 29, 2020. (Dkt. #11

at 7-10). Plaintiff now appeals.

The plaintiff has moved for judgment remanding the matter for further proceedings (Dkt. #13), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #14), pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the Commissioner's cross motion is granted, the plaintiff's motion is denied, and the Commissioner's decision is affirmed.

## DISCUSSION

### I.      Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§ 404.1509, 404.1520.

The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

### II.      The ALJ's Decision

The ALJ determined that the plaintiff had the following severe impairments, not meeting or equaling a listed impairment: status post left rotator cuff injury and repair, and lumbar disc protrusion at L4-L5. (Dkt. #11 at 56).

Upon review of the record, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform sedentary work, with the ability to occasionally lift and carry up to 10 pounds occasionally, and less than 10 pounds frequently. He can stand and/or walk for up to two hours in an eight-hour day, and can sit for six hours. He can occasionally push/pull up to 10 pounds, climb ramps and stairs, balance, stoop, kneel, crouch and crawl. He can never climb ladders or scaffolds, work at unprotected heights or near moving machinery, or reach overhead

with his non-dominant left extremity. However, he can reach occasionally in all other directions, and handle, with the non-dominant left extremity. (Dkt. #11 at 57).

When presented with this RFC determination at the hearing, vocational expert Dawn Blythe testified that plaintiff could perform the sedentary unskilled positions of call out operator, food and beverage order clerk, and surveillance system monitor. (Dkt. #11 at 61). The ALJ therefore found plaintiff not disabled.

### III.    The Appeals Council's Evaluation of Post-Decision Evidence

First and foremost, plaintiff alleges that the Appeals Council erred when it declined to consider medical evidence that was submitted after the ALJ's unfavorable decision.

In assessing an appeal, the Appeals Council must review all evidence in the administrative record, as well as any additional evidence submitted thereafter that is new, material, relates to the period on or before the date of the ALJ's decision, and for which there is a reasonable probability that consideration of that evidence would change the outcome of the decision. *See* 20 C.F.R. §416.1470(a)(5), (b); §416.1476(b). *See generally Hollinsworth v. Colvin*, 2016 U.S. Dist. LEXIS 139154 at *10 (W.D.N.Y. 2016).

Here, after the ALJ's decision was issued, plaintiff sent the Appeals Council a new RFC assessment by his treating physician, family practitioner Dr. Lori Ferris. (Dkt. #11 at 35-39). This opinion, dated February 21, 2020, appears to have been intended to amplify a February 18, 2019 RFC assessment by Dr. Ferris that the ALJ had rejected as "unpersuasive," because it contained no indication "of retrospective effect or contemporaneous treatment relationship prior to the [date last insured]." (Dkt. #11 at 59, 584-88). The Appeals Council rejected Dr. Ferris's second assessment on a similar basis, concluding that because it was written in 2020, it "d[id] not relate to the period at issue . . . on or before December 31, 2010." (Dkt. #11 at 8).

The Appeals Council's rejection of Dr. Ferris's later opinion as unrelated to the relevant period was not improper. The opinion was rendered on February 21, 2020, and indicated that plaintiff had treated with Dr. Ferris every three months for some 23 years, beginning in 1997. Dr. Ferris noted diagnoses of recurrent syncope (fainting spells) since 2011, and chronic low back pain (diagnosis date not given). (Dkt. #11 at 35).

The opinion was clearly "new" as it post-dated the ALJ's determination, and it served to establish that plaintiff's treatment history with Dr. Ferris had begun before the alleged onset date. Nonetheless, on its face, the opinion gives no indication that it was intended to be retrospective, or that it is otherwise material and relevant to the time period under review. To the contrary, the opinion focuses primarily on work-related limitations caused by plaintiff's syncope, which was not diagnosed until 2011 – after the period at issue.[1] To the extent that the any of the assessed limitations were intended to account for chronic low back pain, Dr. Ferris appears to have been considering plaintiff's pain at the time the opinion was rendered, rather than during the relevant period from 2006-2010, since she describes plaintiff's back pain as "improved after [a] spinal cord stimulator placement" that occurred in 2019. (Dkt. #11 at 35, 591-92). In fact, Dr. Ferris's 2020 references to plaintiff's chronic back pain could not possibly have referred to any course of treatment prior to 2019, since in her 2019 opinion, Dr. Ferris explicitly stated that she was not addressing any limitations caused by plaintiff's "chronic pain conditions [because] I do not treat his pain." (Dkt. #11 at 584)(emphasis in original).

In light of these factors, I do not find that there is any reasonable probability that consideration of Dr. Ferris's 2020 opinion would have altered the outcome of the ALJ's decision,

---

[1] The fact that plaintiff was not diagnosed with syncope until 2011 also confirms, incidentally, that Dr. Ferris's February 18, 2019 assessment – which was solely based on syncope-related symptoms and limitations – was likewise irrelevant to the period under review. (Dkt. #11 at 584-88).

or that the Appeals Council otherwise erred in declining to consider it. *See Pulos v. Commissioner*, 346 F. Supp. 3d 352, 362 (W.D.N.Y. 2018)("evidence that does not provide additional information about the claimant's functioning during the relevant time period, but instead relates to his or her functioning at some later point in time, need not be considered by the Appeals Council"); *Bailey v. Colvin*, 2017 U.S. Dist. LEXIS 5684 at *19 (W.D.N.Y. 2017)(Appeals Council did not err in declining to consider evidence, where it "relates only to [plaintiff's] conditions after the relevant time period, and provides no new insight into her conditions as they existed during [the relevant] time period").

I have considered the remainder of plaintiff's arguments, and find them to be without merit.


**CONCLUSION**

For the reasons set forth above, the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is granted, plaintiff's motion for judgment on the pleadings (Dkt. #13) is denied, the decision appealed-from is affirmed, and the complaint is dismissed.

IT IS SO ORDERED.


_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 21, 2022.